UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**NICHOLAS M. LUCAS,** as
Assignee of Justin Lucas,

                     **Petitioner,**            3:13-cv-855
                                                      (GLS/DEP)

              v.

**UNITED STATES OF AMERICA et al.,**

                     **Respondents.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PETITIONER:** | |
| Office of Wayne P. Smith<br>157 Barrett Street<br>Schenectady, NY 12305 | WAYNE P. SMITH, ESQ. |
| **FOR THE RESPONDENTS:** | |
| HON. RICHARD J. HARTUNIAN<br>United States Attorney<br>P.O. Box 7198<br>100 South Clinton Street<br>Syracuse, NY 13261-7198 | GWENDOLYN E. CARROLL<br>Assistant U.S. Attorney |

**Gary L. Sharpe**
**Chief Judge**

## <u>MEMORANDUM-DECISION AND ORDER</u>

### I. <u>Introduction</u>

Petitioner Nicholas M. Lucas, as assignee of Justin Lucas,

commenced this action against respondents the United States of America and the Drug Enforcement Administration pursuant to 18 U.S.C. § 983(e), seeking to set aside an administrative forfeiture of bail money. (*See generally* Pet., Dkt. No. 1.) Respondents moved to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Dkt. No. 5.) For the reasons that follow, the motion to dismiss is granted.

## II. Background[1]

On January 13, 2011, Justin Lucas posted $50,000 bail with the Otsego County Sheriff on behalf of his brother, Nicholas Lucas, who had been arrested and arraigned on charges involving possession of marijuana. (Pet. ¶¶ 3, 9.) Justin was given a bail receipt by the Otsego County Sheriff's Office, (Dkt. No. 1 at 8), but at some later date, was told by a member of the Sheriff's Office that the bail money had been seized by the Drug Enforcement Administration (DEA), (Pet. ¶¶ 3, 8). The DEA then commenced administrative forfeiture proceedings with respect to the seized money, which were completed on June 21, 2011. (*Id.* ¶ 7; Dkt. No. 1 at 10-11, 13-14.) On July 25, 2011, Justin purported to assign his rights

---

[1] The facts are drawn from Lucas' petition and presented in the light most favorable to him.

2

and interest in the bail money to Nicholas. (Pet. ¶ 10; Dkt. No. 1 at 33.) Nicholas alleges that neither he nor Justin ever received notice of the seizure or the administrative forfeiture proceedings commenced by respondents. (*Id.* ¶¶ 5, 13.) Specifically, Nicholas asserts that the DEA, "probably intentionally or negligently," repeatedly attempted to send notice of the forfeiture to incorrect addresses for both Nicholas and Justin Lucas. (*Id.* ¶ 12.)

### III. Standards of Review

The standards of review under Rules 12(b)(1) and 12(b)(6), which are "substantively identical," *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003), are well settled and will not be repeated. For a full discussion of those standards, the parties are referred to the court's decisions in *Unangst v. Evans Law Associates, P.C.*, 798 F. Supp. 2d 409, 410 (N.D.N.Y. 2011), and *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), respectively.

### IV. Discussion

Respondents have moved, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Nicholas' petition because he has not demonstrated that he meets the statutory

requirements of 18 U.S.C. § 983 to bring a motion to set aside the forfeiture, and because he lacks Article III standing to maintain this action. (Dkt. No. 5, Attach. 1 at 10-17.) Nicholas argues that he does in fact have standing to bring this action, both under constitutional principles and pursuant to the applicable statutory framework.[2] (Dkt. No. 7, Attach. 1 at 7-21.) For the reasons that follow, respondents' motion to dismiss is granted.

"In every federal case, the party bringing the suit must establish standing to prosecute the action" under Article III of the Constitution. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134

---

[2] The court notes that Nicholas spends the bulk of his response to respondents' motion to dismiss arguing the merits of the underlying forfeiture, and whether the initial seizure of the money was supported by sufficient evidence. (*See generally* Dkt. No. 7, Attach. 1.) However, to the extent Nicholas argues that the forfeiture was improper because it was not established that the money constituted drug proceeds, that issue is not properly before the court at this time. Once forfeiture has occurred, the sole remedy is that provided under 18 U.S.C. § 983(e) to challenge whether the DEA followed the proper procedural safeguards in forfeiting the property—that is, whether it provided adequate notice and an opportunity to be heard. *See, e.g.*, *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005); *Boero v. Drug Enforcement Admin.*, 111 F.3d 301, 304-05 (2d Cir. 1997); *United States v. Pickett*, No. 07-CR-117, 2011 WL 3876974, at *2 (E.D.N.Y. Sept. 1, 2011) (declining to consider objections to completed forfeiture alleging lack of probable cause).

4

S. Ct. 1377 (2014). Article III standing requires that the following three elements be satisfactorily pled: (1) "an injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks and citations omitted). Ordinarily, "a litigant 'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Bano v. Union Carbide Corp.*, 361 F.3d 696, 715 (2d Cir. 2004) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982)). However, "[a] plaintiff may assert the . . . claims of a third party if the plaintiff can demonstrate: (1) injury to the plaintiff, (2) a close relationship between the plaintiff and the third party that would cause plaintiff to be an effective advocate for the third party's rights, and (3) 'some hindrance to the third party's ability to protect his or her own interests.'" *Camacho v. Brandon*, 317 F.3d 153, 159 (2d Cir. 2003) (quoting *Campbell v. Louisiana*, 523 U.S. 392, 397 (1998)).

As relevant here, courts have recognized that a party seeking to

challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture. *See DSI Assocs. LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007); *United States v. One 1945 Douglas C-54 (DC-4) Aircraft, Serial No. 22186*, 604 F.2d 27, 28-29 (8th Cir. 1979); *United States v. Fifteen Thousand Five Hundred Dollars ($15,500.00) United States Currency*, 558 F.2d 1359, 1360 (9th Cir. 1977); *United States v. Huggins*, 607 F. Supp. 2d 660, 664-65 (D. Del. 2009) ("To demonstrate a colorable ownership or possessory interest, and satisfy the Article III standing requirement, an individual must show that he independently exercised some dominion or control over the property."). Where, as here, the party challenging forfeiture is not the person in possession of the property at the time it was seized, but instead purports to be an assignee of that person, the requirements for establishing standing are twofold. First, the "claimant must show that the assignment was valid, i.e. that it effectively conveyed to the assignee an interest in the subject property." *United States v. Dupree*, 919 F. Supp. 2d 254, 266 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). Similarly, since it is well established that an assignee takes only the interest of its

6

assignor, a claimant must also demonstrate that the assignor "held a valid ownership interest in the seized property at the time of the assignment." *United States v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in U.S. Currency*, 661 F.2d 319, 326-27 (5th Cir. 1981).

Here, as the government points out at the outset of its motion, (Dkt. No. 5, Attach. 1 at 10-12), the purported assignment of "all right, title or interest" in the $50,000 made by Justin to Nicholas, (Dkt. No. 1 at 33), did not actually convey any interest, as "[a]ll right, title, and interest in [the] property . . . vest[ed] in the United States upon commission of the act giving rise to forfeiture," 21 U.S.C. § 881(h), namely Nicholas' drug activity. Here, the funds at issue were seized on January 13, 2011, (Pet. ¶ 7), and declared administratively forfeited on May 19, 2011, (Dkt. No. 1 at 10), while the latest date Nicholas alleges with respect to the forfeiture is a "last disposition date" of June 21, 2011, (Pet. ¶ 7). Because the assignment did not occur until over a month later, on July 25, 2011, (Dkt. No. 1 at 33), the purported assignment did not actually convey any possessory or ownership interest in the money to Nicholas; the forfeiture had already been completed, and therefore Justin had no interest to assign to Nicholas, as all

7

right, title, and interest in the money had vested in the United States. *See* 21 U.S.C. § 881(h). Therefore, Nicholas lacks standing to maintain this claim on behalf of Justin.[3] *See DSI Assocs.*, 496 F.3d at 184; *United States v. Stokes*, 191 F. App'x 441, 444 (7th Cir. 2006); *Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in U.S. Currency*, 661 F.2d at 326-27.

Further, the language of the statute precludes any argument that Nicholas would be able to maintain this action on his own behalf, and he does not argue as much in response to the government's motion. The relevant statute states that "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding . . . may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the

---

[3] The government further argues, (Dkt. No. 5, Attach. 1 at 10-12), that, even if Nicholas did acquire any rights or interest in the subject property by way of the purported assignment, he would ultimately have to demonstrate compliance with the prerequisites of 18 U.S.C. § 983(d)(3)(A), for "property interest[s] acquired after the conduct giving rise to the forfeiture has taken place," which would require Nicholas to show that he was a "bona fide purchaser . . . for value . . . ; and . . . did not know and was reasonably without cause to believe that the property was subject to forfeiture." Although analysis of this argument is unnecessary given the court's conclusion above that Nicholas lacks standing, the court notes that there are no allegations in the petition that Nicholas gave anything of value for the alleged rights he acquired via the assignment.

8

property." 18 U.S.C. § 983(e)(1). However, the only parties entitled to notice of administrative civil forfeitures are those "who appear[ ] to have an interest in the seized article." 19 U.S.C. § 1607(a). Here, it is undisputed that at the time of the seizure and subsequent forfeiture, Nicholas had no legal interest in the money at issue, and Nicholas does not allege otherwise—rather, he acquired his rights and interest, if any, by way of the assignment, at least one month after the forfeiture had occurred. (Pet. ¶ 10.) Accordingly, the relevant statutory provision would not provide Nicholas, on his own behalf, with an avenue for relief, and, as further discussed above, because Nicholas lacks standing to maintain this action, the government's motion to dismiss is granted.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that respondents' motion to dismiss (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that Lucas' petition (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

May 22, 2014
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court